IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD., an Illinois corporation, | ) ) |
| | ) Civil Action No. 08 CV 1378 |
| Plaintiff, | ) |
| v. | ) Judge Manning |
| | ) |
| STEPHEN CHEUNG, an Individual, d/b/a INTERNATIONAL STAR REGISTRY, and d/b/a STAR REGISTRY, and d/b/a GRAND STAR REGISTRAR | ) Magistrate Judge Keys ) ) ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION
TO AUTHORIZE ELECTRONIC MAIL SERVICE UNDER
FEDERAL RULE OF CIVIL PROCEDURE 4(e) AND 735 ILCS 5/2-203.1**

Now comes International Star Registry of Illinois, Ltd., (hereinafter "Plaintiff" or "International Star") with its Motion for this Court to authorize Plaintiff's service of process on Defendant Stephen Cheung ("Cheung") by electronic mail service pursuant to Federal Rule of Civil Procedure 4(e) and 735 ILCS 5/2-203.1, Service by special order of Court.

**BACKGROUND**

Plaintiff filed this lawsuit on March 7, 2008 after concluding its diligent prefiling investigation of facts giving rise to this lawsuit and notifying the Defendant in writing via a cease and desist letter by way of Federal Express delivery addressed to his Internet advertised address of the complained of infringing conduct. The Federal Express delivery was accepted at the indicated address, but then returned to Plaintiff without any further reply from Defendant. These facts are set forth in the accompanying Declaration of John P. Luther, one of Plaintiff's counsels.

As further stated in Mr. Luther's Declaration, attempts to serve the Defendant have been repeatedly undertaken without success.  All the while, Defendant's complained of infringing activity is current and ongoing, with damages to Plaintiff mounting and irreparable harm ongoing and continuing.  More particularly, as shown in Exhibit A attached to Mr. Luther's Declaration, a log sheet of the efforts of 1st Nationwide Legal Services, service has been attempted unsuccessfully at least seven times.

### **REQUESTED ELECTRONIC SERVICE BY SPECIAL ORDER OF COURT**

Federal Rules of Civil Procedure Rule 4(e)(1) permits service upon individuals within a judicial district of the United States "…pursuant to the law of the state in which the district court is located."  Under 735 ILCS 5/2-203.1, state law of this judicial district, "Service by special order of court", authorizes a court to enter an order directing a comparable method of service, for which the Plaintiff has moved without notice, if service upon an individual defendant is or has been otherwise impractical under 735 ILCS 5/2-203(a)(1) by leaving a copy of the summons with the defendant personally, or (2) by leaving a copy of the summons at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards…"  As further directed by 735 ILCS 5/2-203.1, the Motion shall be accompanied by a special statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful.

In the present situation, as set out in Mr. Luther's Declaration, Plaintiff's diligent prefiling investigation shows that the Defendant apparently lives at a college dormitory and, as is shown on Exhibit A, is not accessible as entry is blocked by security and/or although the Defendant's name is listed at this residency, calls to his dorm room are answered by other students who inform that no one knows of the Defendant.  As mentioned above, at least seven attempts have been made by

Plaintiff's process server to serve the Defendant without success.

It has been found, however, that the Defendant does have several electronic mail (e-mail) addresses, with at least one e-mail address "support@grandstarregistry.com" being advertised on Defendant's web page for "The Grand Star Registrar" which infringes Plaintiff's trademark rights as alleged in the Complaint.  See Exhibit B.  A search at the University of California Davis has also reveled two additional e-mail addresses for the Defendant, a relatively recent U.C.Davis Delta Sigma Pi Fall 2007 chapter address of "stepcheung@aol.com", Exhibit C, and a UC Davis People address of "excheung@ucdavis.edu", Exhibit D.  It is respectfully submitted that personal service of the Defendant or at the Defendant's usual place of abode having been shown to be impractical, electronic mail service on the Defendant at either or all of his several e-mail addresses would be a comparable and acceptable alternative as authorized by the Federal Rules and the state laws of this judicial district.  Defendant's advertised web page e-mail address for transacting business and his recent UC Davis related e-mail addresses would be reasonably calculated to notify Defendant of this action.

This Motion is not unusual.  In the face of continued growth of fly-by-night online businesses, and problems of e-business' ongoing infringing activities and playing hide-and-seek with federal courts, courts in other jurisdictions have permitted and/or upheld service via e-mail when it was shown, similar to the present facts, that e-mail addresses were undisputedly connected to a defendant and/or that the defendant used an e-mail address for business purposes, and thus were the only means of effectuating service of process.

For example, in *Bank Julius Baer & Co. Ltd. v. Culkileoks, Ship Copy*, 2008 WH 413737 (N.D. Cal) the Plaintiff served a summons, complaint and a TRO on the defendant's listed P.O. Box and to defendant's counsel, who refused service.  Consequently the court found alternative

3

service of process via e-mail proper and necessary as meeting the requirements for the defendants to receive notice and an opportunity to be heard.  See also, for example, *Tishman v. The Associated Press*, (Ship Op) 2005 Wh 288369 (S.D.N.Y February 6, 2006) where the Court allowed service of process via e-mail, where conventional methods of service under New York law proved impractical.  See further, *Williams-Sonoma v. Friendfinder*, No. C 06-06572 JSW (N.D. Cal April 17, 2007) where the Court found service effectuated by e-mail, when warranted, comporting "with constitutional notions of due process", citing *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

Therefore, in view of the facts set out above, the record of this case and the relevant legal authority, it is respectfully requested of this Court that pursuant to the Federal Rules and Illinois State law, service upon the Defendant be permitted by way of his documented e-mail addresses of support@grandstarregistrar.com; stepcheung@aol.com and/or excheung@usdavis.edu.

Respectfully submitted,

Burton S. Ehrlich            By:    /s/ John P. Luther
John P. Luther                      One of Plaintiff's attorneys
Ladas & Parry LLP
224 S. Michigan Avenue
Suite 1600
Chicago, IL 60604
(312)427-1300